UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Roni M., <br><br> Petitioner, <br><br> v. <br><br> Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Pamela Bondi, *Attorney General*; David Easterwood, *Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security*; Warden, *ERO El Paso Camp East ICE Detention Center*. <br><br> Respondents. | File No. 26-CV-559 (JMB/DTS) <br><br><br> ORDER |

Khanh Ngoc Nguyen, Minneapolis, MN, for Petitioner.

Matthew Isihara and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner Roni M.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Todd M. Lyons, Kristi Noem, Pamela Bondi, and David Easterwood (together, "Respondents") oppose the Petition. For the reasons explained below, the Court grants the Petition in part.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

## FINDINGS OF FACT[2]

1.  Petitioner Roni M. is a citizen of Honduras who entered the United States without inspection in or around November of 2021. (Pet. ¶ 3.)

2.  Prior to his detention, Roni M. was residing in Minnesota. (*Id.* ¶ 4)

3.  Roni M. has no criminal history. (*Id.* ¶ 6.)

4.  On January 20, 2026, Roni M. was detained by ICE after the car in which he was a passenger was stopped in Forrest Lake, Minnesota. (Pet. ¶ 4.) His Petition was filed two days later. (*Id.*) Roni M. seeks immediate release, explaining that because he has not been served with a notice to appear or any other paperwork to commence removal proceedings, Respondents have refused to hold a bond hearing. (*Id.* ¶ 36.)

5.  Before filing his Petition, Roni M. was transferred to ERO El Paso Camp East Detention Center in El Paso, Texas. (*Id.* ¶ 1.) The Petition requests his release in Minnesota. (*Id.* ¶ 36.)

6.  On January 22, 2026, the Court issued an order temporarily restraining and enjoining Respondents from moving Petitioner out of the District of Minnesota until the Court issued a ruling on the Petition, and ordering Respondents to answer each count of the Petition and whether the absence of a warrant preceding Roni M.'s arrest necessitates his immediate release. (Doc. No. 4.) The Court also ordered that Respondents return Roni

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

M. to the District of Minnesota by no later than January 24, 2026. (*Id.*) The Court has no update regarding whether Roni M. has been returned to Minnesota.

7. Respondents timely filed a one paragraph Response on January 26, 2026. (Doc. No. 6.)[3]

## DISCUSSION

Respondents generally oppose the Petition, explaining that it "raises legal and factual issues similar to those in prior habeas petitions this Court has decided" and that Respondents have appealed one such petition (*see Avila v. Bondi*, No. 25-3248 (8th Cir.)). (Doc. No. 6.) Respondents then incorporate by reference all of the arguments raised in the *Avila* appeal and request denial of the petition. (*Id.*) In this way, Respondents reiterate their argument that the detention of petitioners similarly situated to Roni M. is mandatory pursuant to 8 U.S.C. § 1225(b). As this Court has previously concluded, however, Respondents' interpretation lacks merit. Furthermore, Respondents do not address their failure to comply with a statutory requirement that they obtain a warrant prior to the arrest of Roni M. For these two reasons, the Court grants the Petition in part and orders immediate release.[4]

---

[3] Respondents' Response names the petitioner as Walter Z., however, the case caption has Roni M. as the petitioner. (Doc. No. 6.) For the purposes of this Order the Court will construe the name Walter Z. to be an inadvertent reference to a different habeas petitioner.

[4] Because Roni M.'s arguments primarily concern his entitlement to immediate release, the Court determines that here, immediate release is the primary relief sought under 28 U.S.C. § 2241 and declines to address the remaining relief requested, including ordering Respondents to issue and serve the necessary documents that could commence proceeding against Roni M. and entitle him to a bond hearing.

A. **Constitutional Guarantee of Habeas Review**

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.[5] 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

B. **Interpretation of Section 1225**

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22

---

[5] Respondents make no arguments contesting this Court's jurisdiction in this case.

(S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401

(1929). In this case, Roni M. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)). For these reasons, the Court finds that Roni M.'s detention is governed by section 1226(a), and he is not subject to section 1225(b).

### C. Absence of Warrant Prior to Arrest

The Court also ordered Respondents to answer whether the absence of a warrant preceding Roni M.'s arrest necessitates his immediate release and, therefore, Respondents waive any opposition to this argument. (*See* Doc. No. 4.) The Court agrees with other judges in this District who have concluded that an arrest warrant is a prerequisite to detention under section 1226(a). *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)). Respondents have not presented evidence to the contrary or otherwise responded to this claim. Consequently, the Court grants the Petition and orders Roni M.'s immediate release. *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)).

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner from custody in Minnesota <u>immediately</u>, and in any event no later than <u>4:00 p.m. CT on January 28, 2026</u>.

2. On or before <u>11:00 a.m. CT on January 29, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was returned to Minnesota and released from custody in accordance with this Order.

3. Petitioner may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

4. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 26, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court